**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　Plaintiff,<br>v.<br>Jesse Lynn Fox,<br>　　　　Defendant. | No. CR-13-02221-001-TUC-CKJ (BGM)<br>**ORDER** |

On July 11, 2019, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 111) in which he recommended that Defendant's Motion to Dismiss the Petition to Revoke Supervised Release (Doc. 100) be denied and finding that Defendant violated the terms of his supervised release as set forth in the pending Superseding Petition to Revoke Supervised Release (Doc. 102). Defendant filed an objection to the R&R on July 23, 2019. (Doc. 112). The government filed a response on August 8, 2019. (Doc. 113).

*1. Standard of Review*

The Court has reviewed Defendant's Motion to Dismiss the Petition to Revoke Supervised Release (Doc. 100), the government's Response (Doc. 104), the R&R (Doc. 111), the Defendant's Objections (Doc. 112), and the government's Response. (Doc. 113). The R&R summarizes that Defendant seeks to dismiss the pending Petition to Revoke Supervised Release and the Superseding Petition to Revoke Supervised Release. Defendant alleges that there was an unreasonably long delay of his evidentiary hearing that should

result in this Court granting his motion to dismiss. Defendant also alleges that he did not violate the conditions of his supervised release. The magistrate judge recommends this Court deny Defendant's motion to dismiss and find that Defendant did violate the conditions of his supervised release.

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

2. *Factual and Procedural Background*

Although a full recitation of the facts has been provided in the R&R, the Court will provide a brief summary of the relevant facts. On February 18, 2019, Defendant was arrested pursuant to a warrant and a petition to revoke supervised release. Defendant had an Initial Appearance on February 20, 2019 and an Admit/Deny hearing was scheduled for March 20, 2019. This hearing was delayed in small part due to defense counsel's desire to continue the hearing and a conflict in the Magistrate Judge's calendar, and in large part due to Defendant being quarantined for an extended period and the government's request to continue the hearing in anticipation of the Defendant's probation officer filing a Superseding Petition to revoke supervised release.

On June 4, 2019, Defendant filed a Motion to Dismiss Petition to Revoke Supervised Release. (Doc. 100). Defendant alleges that Federal Rule of Criminal Procedure 32.1(b)(2) requires a revocation hearing be held "within a reasonable time" and since Defendant had been held for an extended period without his consent, the petition should be dismissed. (Doc. 100, pg. 3).

### 3. Defendant's Objections

#### A. Motion to Dismiss

Defendant alleges that the petition to revoke his supervised release should be dismissed because his revocation hearing was not held "within a reasonable time" since approximately four-months had elapsed between his initial appearance until the evidentiary hearing was ultimately held. Defendant argues that "for guidance the Court can consider the speedy trial time limits mandated by 18 U.S.C. §3161(c)(1), which requires that trials commence within 70 days of the filing of an information or indictment unless the defendant agrees to a later date or other extraordinary circumstances exist." (Doc. 112, pg. 4). While that analogy is not unwarranted, the Ninth Circuit has cautioned against such a comparison and has held that "a reasonable time for proceeding to a full-scale criminal trial is not the same as a reasonable time for revocation proceedings, and therefore Speedy Trial Clause authority should not be applied in revocation proceedings as if it were directly controlling." *United States v. Santana*, 526 F.3d 1257, 1261 (9th Cir. 2008). The Ninth Circuit went on further to state that a "four-month delay . . . would not even trigger ordinary Speedy Trial analysis." *Id.* Therefore, given the length of the delay in this case, the Court finds that any attempt to utilize a Speedy Trial analysis to be improper.

A defendant's "right to a prompt hearing on the petition for revocation of supervised release arises under the Due Process Clause of the Fifth Amendment." *Id.* at 1259. The burden is on the defendant to show that the delay "was both unreasonable and prejudiced his rights." *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 845 (9th Cir. 1983). "'Reasonableness' is itself a sort of balancing judgment in which the length of delay is considered in connection with the reasons for the delay." *Santana*, 526 F.3d at 1260. Defendant cites no authority analyzing the reasonableness of this delay and seems to suggest that the mere passage of one-hundred and twenty days is per se unreasonable. Similarly, Defendant advances no argument that the delay was unreasonable. As the Court has previously highlighted, most of the delay here is attributable to a legitimate reason – a quarantine. This quarantine, in large part, led to a delay of approximately four months.

Courts have routinely held that brief delays of a few months are reasonable for purposes of the Due Process Clause. *See, e.g., United States v. Shampang*, 987 F.2d 1439, 1443 (9th Cir. 1993) ("the delay of five months from the June violations was neither unreasonable nor fundamentally unfair"); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972) ("A lapse of two months, as respondents suggest occurs in some cases, would not appear to be unreasonable").

Not only has Defendant advanced no argument that the four-month delay was unreasonable, he has provided no indication that he was prejudiced by the delay. Since a four-month delay has been routinely held to be reasonable and since that delay was caused by a legitimate public safety concern, Defendant's argument fails. The delay in this case was not unreasonable and the Court adopts the magistrate judge's recommendation denying Defendant's Motion to Dismiss. (Doc. 100).

B. *Supervised Release*

Defendant objects to the magistrate judge's recommendation that the Court find that Defendant violated the terms of his supervised release. (Doc. 102, pg. 1-2). Defendant had the following mandatory condition for his supervision: "You must not commit another federal, state or local crime." *Id.* Although the Superseding Petition outlined five apparent violations of that mandatory condition, only two are under dispute – Allegation A(1) and (2).

I. *Allegation A(1)*

Allegation A(1) provides:

As outlined in Tucson Municipal Court, Docket CM18054625, on December 21, 2018, Fox was determined guilty of committing the offense of Domestic Violence/Interfering with a Judicial Proceeding, Disobeying Order of the Court, in violation of Arizona Revised Statutes (A.R.S) § 13-2810.A.2, a Class One Misdemeanor.

As outlined in Tucson Police Department (TPD) report 1809140448, and an Order of Protection filed with the Pima County Sheriffs Department, DV2018-1789, on or about September 11, 2018, Fox was served with an Order of Protection against his wife, Elizabeth Brown. On September 14, 2018, Fox and his wife were both arrested for violating the order of

protection. The TPD report reflects surveillance video from a business showed Fox following Brown into the business from the roadway. They met inside the store, hugged and talked to each other for about a minute or so. Both Fox and Brown were arrested. Grade C violation §7B1.1(a)(3).

Allegation A(1) states that it is a violation of §7B1.1(a)(3). There are three grades of probation and supervised release violations. A Grade C violation is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." §7B1.1(a)(3). At the pretrial proceeding for Allegation A(1), Defendant request for the appointment of counsel was denied because the prosecution was no seeking jail time for the offense.

Defendant argues that since a Grade C violation is defined as conduct "punishable by a term of imprisonment of one year or less" that it, by its very nature, "precludes revocation based on a conviction that carried no possible incarceration." (Doc. 112, pg. 6). Defendant argues that "to constitute a violation the conviction must carry the risk of jail time. Here that was not the case." *Id.* at 7. Defendant's argument is misguided. Defendant appears to argue that since the prosecution was not seeking jail time for Allegation A(1) that Allegation A(1) did not "carry the risk of jail time." Defendant was convicted of A.R.S. § 13-2810, which is a class 1 misdemeanor. In Arizona, class 1 misdemeanors are punishable by imprisonment of up to six months. *See* A.R.S. § 13-707. Therefore, Allegation A(1) was punishable by a term of imprisonment of one year or less. That Defendant was not actually punished by a term of imprisonment of one year or less is immaterial. Prosecutorial discretion not to seek jail time is not a sufficient basis for Defendant to argue that a conviction for Allegation A(1) cannot be used to subject Defendant to jail time.

In connection with Allegation A(1), Defendant also argues that this conviction cannot be used against Defendant because Defendant was not represented by counsel. In support of this argument, Defendant cites *United States v. Bryant*, 769 F.3d 671 (9th Cir. 2014) for the proposition that prior convictions that were secured while a defendant was not represented by counsel cannot be used against a Defendant. Defendant's citation to

*Bryant* is incorrect and misleading. Although the Ninth Circuit decided *Bryant* in 2014, in 2016, the Supreme Court reversed the Ninth Circuit's decision in *United States v. Bryant*, 136 S. Ct. 1954, (2016), as revised (July 7, 2016). There, the Supreme Court held that the use of an uncounseled conviction could be used against a defendant and was not a violation of the Sixth Amendment right to counsel.

The Court finds that Defendant violated Mandatory Condition No. 1 as set forth in Allegation A(1) of the Superseding Petition.

## II. Allegation A(2)

Allegation A(2) states:

> As evidenced by TPD Report 1811130296, on or about November 3, 2018, Fox committed the offense of False Reporting to Law Enforcement, in violation of A.R.S. § 13-2907.01, A Class One Misdemeanor. Fox alleged a TPD officer threw a citation at him. Representatives of the Pima County Attorney's Office reviewed the officer's body camera and it appeared Fox was attempting to bait the officer into a confrontation, which the officer avoided. TPD notified the probation officer that Fox was arrested December 21, 2018, for false reporting to law enforcement. Grade C violation §7B1.1(a)(3).

Allegation A(2) involves Defendant's violation of A.R.S. § 13-2907.01, the commission of the offense of false reporting to law enforcement, which is a class one misdemeanor and provides: "It is unlawful for a person to knowingly make to a law enforcement agency of either this state or a political subdivision of this state a false, fraudulent or unfounded report or statement or to knowingly misrepresent a fact for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer." Defendant argues that his action of filing a false report was rather innocuous in comparison to the false reporting of a bomb threat and that no reasonable fact-finder could conclude that Defendant's actions could constitute false reporting to law enforcement.

Contrary to Defendant's belief, his actions are a clear violation of A.R.S. § 13-2907.01. Defendant falsely reported that a police officer threw a citation at him. Defendant

made that report, knowing that it was false, in connection with an attempt to bait that officer into a confrontation. Although Defendant claims that the violation was "[so] de minimis" that the charges were later dismissed, Defendant does not dispute that he committed the actions described in Allegation A(2).

Furthermore, although Defendant rightly states that the charges in connection to this incident were dismissed, the relevant inquiry is not whether Defendant was **convicted** of a federal, state or local crime, but whether Defendant **committed** a federal, state or local crime. It is Defendant's conduct that is the focus of a relevant analysis. *See United States v. Willis*, 795 F.3d 986, 992 (9th Cir. 2015) (citing U.S.S.G. § 7B1.1 cmt. n. 1) ("In the supervised release context, by contrast, there need not be a prior conviction. Rather, after considering the defendant's conduct, the court may revoke the defendant's supervised release if the defendant's conduct constituted 'another federal, state, or local crime' while on supervised release, 'whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct.'"). Although the charges in Allegation A(2) were later dismissed, Defendant has advanced no evidence that he did not commit the underlying acts described in Allegation A(2), which were a violation of A.R.S. § 13-2907.01. Therefore, since Defendant committed a federal, state or local crime, a revocation of his supervised release was proper.

Alternatively, Defendant argues that since he was not represented by counsel during a preliminary hearing for Allegation A(2) before the charges were dismissed, Allegation A(2) cannot be a violation of Guideline §7B1.1. Defendant neglected to provide legal support for this contention and, for the reasons articulated in the preceding section, Defendant's argument fails.

The Court finds that Defendant violated Mandatory Condition No. 1 as set forth in Allegation A(2) of the Superseding Petition.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 111) is **adopted**.
2. Defendant's Motion to Dismiss (Doc. 100) is **denied**.

3. The final disposition hearing is set for September 16, 2019 at 9:45 AM.

Dated this 14th day of August, 2019.

_____
Honorable Cindy K. Jorgenson
United States District Judge