WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jesse Lynn Fox,<br><br>　　　　　Defendant. | No. CR-13-02221-001-TUC-CKJ (BGM)<br><br>**ORDER** |

On May 16, 2024, Defendant filed a Petition asking the Court to seal his criminal records in this case under A.R.S. § 13-911. The State of Arizona allows a person to petition to seal all case records related to a criminal offense if the person was convicted and has completed all of the terms and conditions of the sentence imposed for that conviction and provides for the petition to be filed in the court in which the person was convicted. Defendant Fox has filed his Petition in accordance with A.R.S. § 13-911. The Clerk of the Court sealed the Petition.

Pursuant to the Rules of Practice and Procedure for the United States District Court for the District of Arizona (Local Rules), the Petitioner, Defendant Fox, appears *pro se*. LRCiv. 83.3(a) (explaining attorney of record deemed responsible in all matters before and after judgment until the time for appeal expires or attorney formally withdraws). The Court entered Judgment on September 16, 2019, accordingly, the attorney who represented him in the criminal matter is no longer counsel of record. The Court has reviewed the Petition and finds that "confidential" information in the Petition that subjected it to being sealed by

the Clerk of the Court is the same information required to be entered on the docket when a party is *pro se*. The Petition shall be unsealed and docketed in the public record.

Federal courts are courts of limited jurisdiction and only possess the power authorized by the Constitution or by federal statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Federal jurisdiction "is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377. Absent federal statutes for sealing criminal records, the federal courts generally lack jurisdiction to seal entire criminal cases. *Doe v. United States,* 833 F.3d 192, 196-199 (2nd Cir. 2016).

The Court treats the Petition filed by Defendant Fox to seal the entire criminal record like a motion to expunge criminal records which is a request that the court "destroy or seal the records of the fact of the defendant's conviction." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir.2004). An expungement does not necessarily indicate that the defendant was innocent of the crime for which he was convicted. *Id.* In the Ninth Circuit, the district courts have some power to expunge criminal records in some circumstances through federal statutes or inherent authority. *Id.* Petitioner may look to federal statutes that empower courts to expunge records under the Constitution, the Civil Rights Act, a writ of habeas corpus, coram noblis, or audita querela to correct an unlawful conviction, and other provisions for addressing inaccuracies in the record. *United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir.2000). Beyond these federal statutes and the Constitution, district courts have "inherent authority to expunge criminal records in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793. In the Ninth Circuit, this ancillary jurisdiction is limited to correcting a clerical error or removing the official record of an unlawful arrest or conviction. *Id.*; *Sumner*, 226 F.3d at 1014. Courts in the Ninth Circuit do not have the authority to expunge the "record of a valid arrest and conviction solely for equitable considerations." *Sumner*, 226 F.3d at 1014. The Court does not have authority to seal the entire criminal record in this case under state law, A.R.S. § 13-911, upon which Petitioner relies.

In other words, this Court is without jurisdiction to grant the Petition to Seal Criminal Case Records (A.R.S. § 13-911).

**Accordingly,**

**IT IS ORDERED** that the Clerk of the Court shall unseal the Petition (Doc. 119).

**IT IS FURTHER ORDERED** that the Petition to Seal Criminal Case Records (Doc. 119) is DENIED for lack of jurisdiction.

Dated this 2nd day of July, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge